IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH D. GRIEST, #291-915           *
        Petitioner,
                                 *
v.                                       CIVIL ACTION NO. RWT-05-3311
                                 *
JON P. GALLEY, et al.
        Respondents.       *
                               ******

**MEMORANDUM OPINION**

On December 8, 2005, Petitioner Joseph D. Griest filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for carjacking, kidnapping, and rape entered against him in 2001 by the Circuit Court for Cecil County, Maryland. (Paper No. 1). On February 27, 2006, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. (Paper No. 6). Pursuant to this Court's Order of April 26, 2006, Petitioner was granted additional time to file a reply to the Answer stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. (Paper Nos. 7 and 9). Petitioner has replied. (Paper Nos. 10 and 12).

Petitioner's convictions were entered on July 3, 2001, pursuant to a guilty plea.[1] (Paper No. 6 at Ex. 1). He was sentenced to 25 years for the carjacking, 25 years for kidnapping, and 125 years for second degree rape. Each sentence to be served consecutively. (Id. at Ex. 3). Petitioner's application for leave to appeal was summarily denied on October 26, 2001, with the court's mandate issuing on November 26, 2001. (Id. at Ex. 2).

On June 5, 2002, Petitioner submitted a collateral attack on his conviction pursuant to the

---

[1] Petitioner pled guilty to carjacking and kidnapping in Case Number 07-K-000037 and to second degree rape in Case Number 07-K-000047.

Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. After review, the Circuit Court for Cecil County held that the State was without "jurisdiction to accept a plea in and/or try the rape and sexual offense case, Case Number 07-K-01-0147" and a new trial was ordered in Case No. 07-K-00-037. (Id.at Ex. 4). The State moved for reconsideration of the post-conviction court's order. The post-conviction court granted the motion for reconsideration, and on May 10, 2004, denied Petitioner's request for post-conviction relief as to Case No. 07-K-00037 (the carjacking and kidnapping case), but granted relief by vacating the conviction and sentence for rape entered in Case No. 07–K-01-047 and dismissing the charges. (Id.). Petitioner timely applied for leave to appeal the order of the post conviction court. The application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on November 29, 2004, and the court's mandate issued on December 29, 2004. (Id. at Ex. 5).

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. See 28 U.S.C. § 2244(d).[2]   This one year period is, however, tolled while properly filed post-conviction

---

[2]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially

2

proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Cecil County became final on November 26, 2001. See 28 U.S.C. § 2244(d)(1)(A); Md. Code Ann., Cts. & Jud. Proc. § 12-302 (2001). Between November 26, 2001, and the institution of his state post-conviction proceedings on June 4, 2002 (a period of over six months), Petitioner had no proceedings pending which would serve to toll the limitations period. Likewise, from December 29, 2004 (the date the mandate issued regarding the denial of his application for leave to appeal the decision of the post-conviction court), until the filing of the instant proceedings on December 4, 2005,[3] Petitioner had no proceedings pending which would serve to toll the limitations period. See 28 U.S.C. § 2244(d)(2).

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, including the one-year limitations period set out in AEDPA. See Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. Id., at 330 (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in

---

    recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]The Petition is dated December 4, 2005, and shall be deemed to have been filed on that date.

two types of situations: either where the respondent's acts prevent the petitioner from asserting the claim, or where extraordinary circumstances beyond the petitioner's control prevent plaintiff from filing a timely claim. Id. (quoting, Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996)).

Plaintiff maintains that he did not learn that the Court of Special Appeals denied his application for leave to appeal the post-conviction court's ruling until November of 2005. Paper No. 1. He details his numerous and repeated efforts to contact the Maryland Office of the Public Defender ("OPD") regarding the status of his application for leave to appeal, and the failure by OPD's staff to properly advise him of the status of same[4]. Paper No. 10. Petitioner's lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. See Barrow v. New Orleans S.S. Ass'n, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of plaintiff's unfamiliarity with the legal process or his lack of legal representation). Petitioner's claim of attorney error in failing to advise him of the denial of his application for leave to appeal also provides no basis for equitable tolling, because "principles of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse v. Lee 339 F.3d 238, 245 (4th Cir 2003) citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, (1990) Attorney error is simply not an "extraordinary circumstance." See Gayle v. United Parcel Service, Inc., 401 F.3d 222, 227 (4th Cir. 2005) (attorney's negligence which caused appeal to become untimely did not entitle plaintiff to equitable tolling); Taliani v. Chrans, 189 F. 3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable

---

[4] Apparently there was confusion amongst the various divisions over who was handling the appeal as well as the basic status of the appeal.

tolling); <u>Sandvik v. United States</u>, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling). "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." <u>Harris</u>, 209 F. 3d at 331. Petitioner's arguments in favor of equitable tolling of the limitations period are unavailing. Accordingly, a separate Order will be entered denying the Petition as time-barred under 28 U.S.C. § 2244(d).

Date: 7/28/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE